852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
M.T.R.C., INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1072.
 United States Court of Appeals, Federal Circuit.
 June 23, 1988.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BISSELL, Circuit Judge.
 
 
 1
 M.T.R.C., Inc. (MTRC) appeals the judgment of the United States Claims Court, see M.T.R.C., Inc. v. United States, 13 Cl.Ct. 245 (Cl.Ct.1987), dismissing its complaint. We affirm on other grounds.
 
 BACKGROUND
 
 2
 In November 1980, Mr. Bill Southern, d/b/a Bill Southern Chevrolet, borrowed $125,000 from the Small Business Administration (SBA) by executing a promissory note and security agreement. The SBA filed a financing statement on December 1, 1980, securing Southern's then owned and after acquired personal property, all accounts receivable then due or accruing to Southern, and all contract rights of Southern then in force or thereafter acquired.
 
 
 3
 In June 1984, Southern filed a petition for bankruptcy. In September 1984, Southern notified General Motors Corporation (GM) that he was terminating his Dealer Sales and Service Agreement with GM. Although not clear in the record, this Agreement appears to have given GM an option on Southern's termination to purchase Southern's returnable parts and tools. During September 1984, GM took possession of the parts and tools. These parts and tools were covered by the SBA's security agreement and financing statement.
 
 
 4
 In October 1984, GM notified the SBA of its actions but stated that it could not process Southern's "terminated parts return" because of the SBA's secured interest in the property. The SBA offered to sell GM a partial release of its security interest to free the goods in GM's possession from the lien, but no such sale occurred.
 
 
 5
 MTRC, the appellant in this action, wanted to purchase Southern's assets. The trustee in bankruptcy allowed the sale to go ahead by permitting the SBA, on October 31, 1984, to exercise rights to the property described in its security agreement with Southern. On November 8, 1984, MTRC sent a letter to the SBA that stated, in pertinent part, as follows:
 
 
 6
 We wish to purchase everything that S.B.A. has a filing on. This includes all machinery and equipment, furniture, fixtures, inventory, accounts receivables, Body Shop building and lots, Chevrolet building, contents of both buildings, all receivables due from GM for parts return and special tools.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 Enclosed is a cashiers check in the amount of $57,000.00 for you to hold until everything is freed for liquidation of contents and releases on deeds of buildings and lots are received by me.
 
 
 10
 The SBA responded by signing the contract, terminating its security interest in Southern's property, and negotiating the $57,000 check.
 
 
 11
 MTRC thereafter sought to obtain the account receivable on the parts and tools in GM's possession, valued at $31,166.77. GM refused to pay, however, because it had offset this debt against an amount Southern owed but had not paid to GM.
 
 
 12
 MTRC subsequently sued the SBA in federal district court in Oklahoma. That court dismissed for lack of jurisdiction. M.T.R.C., Inc. v. Small Business Admin., No. CIV-86-1222-W (W.D.Okla. Sept. 15, 1986). MTRC then filed an action in the Claims Court on the theory that the SBA had breached its contract. On cross motions for summary judgment, the court concluded that the SBA's contract with MTRC did not cover the account receivable from GM, and therefore, that the SBA was not liable for MTRC's inability to recover these sums.
 
 OPINION
 
 13
 The Claims Court opinion in this case turned on the erroneous fact finding that the SBA released to GM its security interest in the parts and tools retaken by GM on October 11, 1984. As both parties concede on appeal, the SBA never gave GM a partial release.
 
 
 14
 MTRC's position, as presented during oral argument, is that the SBA contracted in November 1984 to assign its security interest to MTRC. An examination of the contract's language, however, does not support this position. The word "assignment" never appears in the document. The contract merely states that MTRC wants "to purchase everything that S.B.A. has a filing on," and that the SBA may not negotiate the enclosed check until "everything is freed for liquidation." This language only requires the government to terminate its security interest in Southern's property. The SBA fully complied with this language by terminating its security interest in Southern's assets. There is, consequently, no basis for MTRC to assert that the SBA breached its contract. If any relief exists, MTRC must seek it from either Southern or GM. For this reason, we affirm on other grounds the judgment of the Claims Court.